IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELINDA HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-05-3662 |
| vs. | § | |
| | § | |
| JO ANNE BARNHART, | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM AND ORDER**

Claimant Melinda Howard brought this action pursuant to § 205 of the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Claimant seeks review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for a period of disability and for disability insurance benefits under Title II of the Act, 42 U.S.C. § 423. Claimant and the Commissioner have each filed motions for summary judgment.

I. PROCEDURAL HISTORY

The procedural history of this case is set forth in the opinion of the Administrative Law Judge ("ALJ"). Claimant filed a claim for disability insurance benefits in May 2003, alleging a disability onset date of October 7, 2002. The claim was denied initially and on reconsideration, and Claimant made a timely request for a hearing. Claimant, who was represented by counsel, testified at the hearing, as did Mr. Robert Cox, a vocational expert. The ALJ found that the Claimant was not

disabled within the meaning of the Act at any time through the date of the decision, January 21, 2005.

## II. APPLICABLE LAW

Judicial review of a final decision by the Commissioner is limited under 42 U.S.C. § 405(g) to two inquiries: 1) whether substantial evidence supports the Commissioner's decision; and 2) whether the decision comports with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the Commissioner's findings, the court must affirm her final decision. *Id.* at 390.

Claiimant has the burden of proving her disability by establishing a medically determinable physical or mental impairment preventing her from engaging in any substantial activity for at least twelve consecutive months. 42 U.S.C. § 423. The Commissioner's regulations set forth a five-step sequential evaluation process for evaluating disability. 20 C.F.R. § 404.1520. The Court "may not reweigh the evidence in the record, nor try the issues de novo. . ." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

The ALJ found at the fourth step in the sequential analysis that Claimant could perform her past work as a custodian. At the fourth step, the Claimant had the burden of proving inability to do past work. *Hollis v. Bowen,* 837 F.2d 1378, 1386 (5th Cir. 1988).

### III. SUBSTANTIAL EVIDENCE IS LACKING FOR THE DETERMINATION THAT CLAIMANT'S SLEEP APNEA, WHEN CONSIDERED WITH OTHER CONDITIONS, IS NOT A DISABILITY

Before this Court, Claimant limits herself to the argument that the ALJ committed error by failing to find that Claimant's obstructive sleep apnea and its related disorders were severe impairments. In Claimant's view, this error – at step two of the sequence – led to further errors in the remaining three steps.

It is true that the ALJ's decision makes no reference to sleep apnea. The Commissioner acknowledges the omission, but advances a series of arguments as to why this does not justify a remand. Those arguments include: that the record contains substantial evidence that Claimant was not so impaired by any disability as to be unable to work, that sleep apnea is treatable, that Claimant's application for disability benefits did not allege sleep apnea as a condition limiting her ability to work and was certainly not emphasized in her testimony, that the medical opinions Claimant offers are conclusory, and that the ALJ's omission was, at most, harmless error.

The disagreement between the parties necessitates a careful review of the record, a review undertaken with conscious regard for the circumscribed function that this Court is assigned.

Claimant was born on August 8, 1959. She left high school in the tenth grade, after becoming pregnant. She later obtained her GED degree. For most of her adult life, until the onset of the alleged disability, Claimant was employed at different unskilled or semi-skilled jobs. She is five feet and five inches tall and, at the time of the hearing before the ALJ, weighed 184 pounds. Claimant has never smoked, consumed alcohol, or used illicit drugs. Her intelligence was described by one physician as "borderline." Hearing Tr. (hereafter "Tr.") at 281. For example, Claimant did

not know her place of birth, date of birth, or social security number. She could not do serial subtraction from 20 by 3 (e.g., 17, 14, 11, etc.). She stated that the last four U.S. presidents were Clinton and Nixon. *Id.*

The Commissioner is correct in asserting that sleep apnea was not Claimant's foremost issue at the hearing, nor was it reflected in her medical history at the time of the onset of the alleged disability. Nonetheless, sleep apnea was part of Claimant's testimony, and a prominent part of her recent medical history. At the hearing, for instance, Claimant testified at some length about her daily schedule, and the amount of time she spent lying down, all of which seemed inconsistent with being able to hold a regular job. Tr. at 331-332. She testified that she suffered from sleep apnea, and was being treated for it, but there is nothing in her testimony to suggest that the treatment was effective. Tr. at 341-342. On what is perhaps a related matter, Claimant also testified that she could no longer drive a car because she had recently blacked out while driving. Tr. at 331. Further, Claimant testified that she was being treated unsuccessfully for depression, and that the medications she takes make her feel dizzy and faint. Tr. at 337.

Turning to the medical records that were before the ALJ, in a report dated October 24, 2003 by Dr. Martin H. Keeler, "insomnia" was the condition that Claimant apparently most emphasized. Tr. at 278. In the concluding section of his report, Dr. Keeler stated: "The presence of an emotional disturbance with sleep apnea complicates the situation in that sleep apnea in itself can produce a number of psychiatric problems including, depression, irritability, and cognitive difficulties." Tr. at 281.

On March 13, 2003, a patient history taken of Claimant at Ben Taub Hospital reported that "loud snoring, multiple awakening, choking & gasping[,] cessation of breathing has been witnessed

by mother." Tr. at 227. The diagnosis noted was "sleep disorder related to Depression." *Id.* In an examination of Claimant at the Diagnostic Sleep Laboratory of The Methodist Hospital, the diagnosis was "clinically significant sleep-disordered breathing." Tr. at 249. The recommendation to Claimant was continuous positive airway pressure (CPAP). *Id.* There is not enough evidence in the record, however, to conclude that CPAP has been effective for Claimant.

As with any patient, of course, one medical condition needs to be considered in conjunction with others. Claimant's medical history is replete with conditions that seem likely to interact with and perhaps exacerbate the problems she is having with her sleep. These include depression, hypertension, dizziness, faintness, blackouts, and inability to cope with stress. In any event, this is an evidentiary inquiry that should be made by the ALJ, with the benefit of live testimony and opportunities for interrogation and for further supplementation of the record, rather than by this Court.

One other aspect of the record should be noted. The ALJ seemed to rely heavily on the findings of a Dr. George Conklin, an independent physician who apparently saw Claimant only once, approximately eighteen months before the hearing. The ALJ seemed also to rely heavily on the opinions of Mr. Robert Cox, a vocational expert who testified at the hearing, after reviewing the record and meeting Claimant for the first time that day. Tr. at 347. Conversely, the ALJ seemed to discount heavily the views of at least two of Claimant's treating physicians, Dr. Brian Reed, and Dr. K. Haji. Opinion at 3. The ALJ specifically noted that Dr. Reed's "professional qualifications are not documented in the evidence of record. . . ." *Id.*

As far as can be discerned, the professional qualifications of Dr. Conklin are also not documented in the record. The ALJ did state that Dr. Conklin's "medical assessment is afforded

greater probative weight [because] it is accompanied by objective clinical findings." However, the record contains significant clinical findings as to Claimant's sleep apnea yet neither the findings nor the condition were noted in the AlJ's opinion. With respect to Mr. Cox, although his resume is included, it seems to suggest that a large portion of his income is provided by the Social Security Administration for work done as an expert witness. On remand, the ALJ should provide more detailed explanations of why the views of those whose conclusions were adverse to Claimant seemed to receive more deference than those whose views were sympathetic.

IV. CONCLUSION

For the foregoing reasons, the case is REMANDED for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

**SIGNED** at Houston, Texas on the 22nd day of March 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE